## LEON & BLUM v. W. L. WELLBORNE.

### SUPREME COURT, GALVESTON TERM 1883.

*Assignment for Benefit of Creditors.—Act of 1879 construed*—The Assignment Act of November 24, 1879 embraces in terms, two classes

of debtors ; first insolvent debtors; second, debtors in contemplation of insolvency. These represent different phrases of inability.

*Same—Claim for Damages against Decedent.* Where an action was based upon an alleged tort and the damages claimed were uncertain in their character, it was unnecessary to present the same to the administrator for allowance before suit brought upon it.

*Assignee.— Appointment by District Judge.*—A district judge has power, in open court, after due notice, to appoint an assignee after the death of the original assignee.

*Same—Insolvency—Meaning of*—The term insolvency is sometimes used to denote the insufficiency of the entire assetts of an individual to pay his debts. This is its general and popular meaning. But it is also used to express the inability of a party to pay his debts as they become due in the ordinary course of business.

*Same—Trust Fund.*—If the assignor, for an improper purpose, before the assignment, delivered property to the assignee, under the 1. and 9. sections of the act under which the assignment was made, the property then passed to the assignee as a part of the trust fund for the benefit of creditors, and the same may be said of any money or other property, other than that exempt, which the assignee may have retained.

*Same—Rights of Creditors.*--When the assignment is completed the rights of the creditors attach to it, and no act of the assignor, nor of the assignee, at the time the assignment is made, or preceding it but done in contemplation of it, done with intent to defeat, delay or defraud creditors, will authorize a creditor to treat the assignment as void, and by process to appropriate the property to the payment of his debt to the prejudice of other creditors.

Appeal from Gregg county. Opinion by Stayton, J.— This case, as stated by appellants in their brief filed in this court, is as follows :

On the 14. day of December, A. D. 1881, J. A. W. Cheek, as the assignee of Lewis Meyer, brought suit in the district court of Gregg county, Texas, against Leon & Blum, and T. E. Durham, administrator, of M. L. Durham, appellants, for the recovery of $1523,39 damages, the value of certain goods seized by virtue of attachments against one Lewis Meyer, at the instance and in the favor of Leon & H. Blum, by M. L. Durham, as sheriff of said county. The plaintiff alleged in his petition that said Meyer, a merchant doing business in Longview, in said county, being in failing cercum-

stances and unable to pay his debts, on the 17. day of January, 1881 made an assignment of a certain stock of goods to Cheek, for the benefit of his creditors; that said assignment was duly acknowledged and recorded; that Cheek gave bond, accepted the trust and took possession of the property. The assignment was attached to, and made a part of the petition, and provides that its benefits shall be limited to such creditors as will accept their *pro rata* share of the estate and release Meyer from all liabiliiy, on account of their respective claims; that Leon & H. Blum procured two writs of attachment to be issued on the 19. January 1881, from the county court, of said county, in two suits instituted by them against said Myer, to recover twelve hundred dollars, having placed said writs in the hands of M. L. Durham procured him, on 20. January 1881, to levy upon and seize said goods, (a part of the stock assigned) while Cheek was carrying out the trust, and converted them to their own use, and prayed judgment. On February 8. 1882, the death of the plaintiff, Cheek, was suggested, and on July 3. 1882, W. L. Wellborne, the appelleee, filed in the case a paper styled a petition, making himself party plaintiff and alleging that the judge of the seventh judicial district had appointed him assignee in place of said Cheek deceased.

To these pleadings the defendants presented the following issues of law and fact:

First. Special exceptions to the petition of Wellborne making himself plaintiff because, first, the district judge had no power to appoint him assignee, but the successor should have been appointed by the district court in due course of law.

Second. A general demurrer to the petition.

Third. A general denial of its allegations.

Fourth. A special plea that said assignment was made by said Meyer with intent to hinder, delay, and defraud his creditors, one of whom the firm of Leon & H. Blum was; that said Cheek knew of such intent, and acted in concert with said Meyer in carrying the same out; that he received from the store of Meyer, at daylight on the morning of the day when the assignment was executed, about two thousand dollars worth of goods, which he appropriated to his own use. The court having sustained exceptions to said answer, the defendants filed a trial amendment, alleging that said assignment was made in furtherance of a fraudulent

conspiracy entered into between Meyer and Cheek for the purpose of placing Meyer's property beyond the reach of his creditors. The answer charged fraud fully and specifically.

To these pleas the plaintiff urged general and special exceptions.

The court overruled the exceptions to the petition of Wellborne making himself a party plaintiff, and the general demurrer to the petition, and sustained the general and special exceptions of the plaintiff to the defendant's answer, and upon the evidence entered judgment for the plaintiff for $1108 and costs. The defendants having properly excepted to all of said ruling, upon overruling the motion for a new trial gave notice of appeal.

This statement is, in the main, correct and such additional statements of fact as are necessary to be stated in consideration of the case will be stated in the course of this opinion.

The first assignment of error calls in question the correctness of the ruling of the court upon the demurrer of defendants to plaintiff's petition, in that it was not alleged therein that the claim sued upon had been presented to the administrator of the estate of M. L. Durham, and that it had been by him rejected.

The action was based upon an alleged tort, and the damages claimed were not of that character, and so certain in their nature as to require the claim to be presented to the administrator for allowance, before suit could be brought upon it.

The second assignment called in question the power of the district judge appoint an assignee instead of Cheek, the original assignee, upon his death.

The record discloses the fact that Wellborne was appointed assignee by the district court for Gregg county while in session, after due notice, and there can be no doubt of the power of the court, to make such an appointment, even in the absence of a statute expressly authorizing it.

The next assignment calls in question the correctness of the ruling of the court in sustaining demurrer to defendant's answer, and this raises the main question in the case.

The manifest purpose of the act of March 24, 1879, (General laws of 1879, p. 57), was to provide a mode by which such debtors as were contemplated thereby, might make assignments of their property, simple in form, and yet

effective to pass all of their property, real and personal, to an assignee for the benefit of creditors, except such as might be exempt from forced sale.

It further manifests an intention to make such assignments effective without reference to the form of the deed of assignment, provided it evidences an intention to pass to the assignee all the property of the debtor, subject to forced sale, for the purpose of distribution among creditors, and is executed in substantial compliance with the requirements of the act.

It also evidences an intention to avoid much of the difficulty heretofore met with by the courts in determining whether assignments were valid or not, and to supply by the law itself, much in which the deed of assignment might be deficient under the rules applicable to ordinary assignments.

The first inquiry which arises is : To what class or classes of debtors does the act apply ?

The first section of the act is as follows : *"Be it enacted by the Legislature of the State of Texas,* that every assignment made by an insolvent debtor, or in contemplation of insolvency, for the benefit of his creditors shall provide, except as herein otherwise provided, for the distribution of all his real and personal estate, other than that which is by law exempted from execution, among all his creditors in proportion to their respective claims, and however made or expressed, shall have the effect aforesaid and shall be construed to pass all such estate, whether specified or not," etc.

The statute embraces, in terms, two classes of debtors ; [1] first, insolvent debtors : second, debtors in contemplation of insolvency. These represent different phases of inability.

As said by Justice Field in Toof v. Martin, 13 Wall 40. "The term insolvency is not always used in the same sense. It is sometimes used to denote the insufficiency of the entire property, and assets of an individual to pay his debts. This is its general and popular meaning. But it is also used in a more restricted and popular sense to express the inability of a party to pay his debts as they become due in the ordinary course of business." If insolvency be considered in the first sense here indicated, the allegations of the appellant's answer were sufficient to show that Meyer was not insolvent ; but if taken in the sense secondly indicated, it could not be told

from the allegations of the answer whether he was insolvent or not.

2. A debtor is said to be in contemplation of insolvency when he contemplates not being, or not continuing to be able to pay his debts in the ordinary course of business as they mature. (Bump on Bankruptcy, 37, citing 1 B. R., 363, s. c. 2, Ben., 196.)

If the answer was sufficient to show that Meyer was not insolvent, it was not sufficient to show he was not in contemplation of insolvency, and in this respect the court did not err in sustaining the demurrer.

The other grounds upon which it is claimed that the answer should have been sustained, are that property was delivered by Meyer to Cheek, the original assignee, fraudulently, just before the assignment, and that he was fraudulently appropriating the same; and that Meyer had not turned over to the assignee a sum of money which he had on hand; and that Cheek was abusing his trust by fraudulently disposing of the property which he did receive.

These matters will be considered in their order:

3. If Meyer for an improper purpose, before the assignment, delivered property to Cheek, under the first and ninth sections of the act under which the assignment was made, the property then passed to the assignee as a part of the trust fund for the benefit of creditors, and the same may be said of any money or other property, other than that exempt, which Meyer may have retained. The ninth section declares that "all property conveyed or transferred by the assignor previous to, and in contemplation of the assignment, with the intent or design to defeat, delay or defraud creditors, or to give preference to one creditor over another, shall pass to the assignee by the assignment, notwithstanding such transfer."

The first section declares that the assignment, however made or expressed, shall be construed to pass all of the estate of the debtor, real and personal, except such as is exempt from execution.

4. In view of these provisions, the assignment passed all of the property of the debtor, except that exempt, as well as that in his possession or owned by him at the time the assignment was made, as that which he may have fraudently attempted to convey; and neither the fraud of the

assignor nor of the assignee could annul the assignment in which all creditors might have an interest. When the assignment is completed the rights of the creditors attach to it, and no act of the assignor or of the assignee, or of both, at the time the assignment is made, or preceeding it, but in contemplation of it, done with intent to defeat, delay or defraud creditors, will authorize a creditor to treat the assignment as void, and by process to appropriate the property to the payment of his debt to the prejudice of other creditors. If property has been fraudulently conveyed in contemplation of the assignment, the ninth section of the act provides that "the assignee. or in case of his neglect or refusal, any creditor or creditors may, in his name, upon securing such assignee against costs or liability, sue for, recover, collect and cause the same to be applied for the benefit of creditors as other property belonging to the debtor's estate in the hands of the assignee."

The tenth section declares: "No assignment shall be declared fraudulent or void for want of any iventory or list as provided herewith, but if such list and inventory be not annexed and verified, as provided in this act, it shall be *prima facie* evidence that the assignor has secreted and concealed some portion of the property belonging to his estate, from his assignee, unless upon the demand of the assignee or a creditor, such verified inventory and list be furnished to the assignee; and if any assignee or creditor shall have reason to believe that any debtor has concealed any of his property or estate, for the purpose of defrauding his creditors, it shall be the duty of the district or county judge, upon application of such assignee or creditor, to cause such debtor to appear before him, either in vacation or term time, and disclose, under oath, any knowledge or information he or she may have relative to any such concealment."

The eleventh section provides, "If any assignor shall secrete or conceal from his assignee, any portion of the property belonging to his estate other than that which is exempt from execution, or shall, previous to, and in contemplation of, the assignment, transfer any property with the intent or design to defraud his creditors, such assignor shall be adjudged guilty of a felony, and upon conviction thereof shall be punished by imprisonment and labor in the penitentiary for not less than two and not more than five years."

The ninth and tenth sections place in the hands of the creditors the power to sue for and recover any property which may have been fraudulently conveyed, as well as to discover by an examination under oath from the assignor, whether or not he has secreted or concealed any property which should go to his creditors, and if so, to trace it; a id th fourteenth section provides that if the assignee is unfaithful in the administration of the trust, which requires him to discover and secure all property which the act declares shall pass by the assignment, that he then shall be removed and another be appointed in his place.

These several provisions of the act bear unmistakable evidence of the intention of the legislature that (4) no act of the assignee nor of the assignor, after the assignment is made, or preceding it, but in contemplation of it, however fraudulent the act may be, shall divest the right of the creditors to have the trust estate administered for their benefit in accordance with the spirit of the statute, and (5) the act itself provides means by which such administration may be enforced in default of the faithful performance of his trust by the assignee.

To perm t one or more of the creditors, whenever, in their opinion, the estate was not all delivered to the assignee, or when the assignee might, in his opinion, be acting in violation of his duty, to disregard the assignment and seize and have sold the trust estate, or any part of it, for the satisfaction of such dissatisfied creditor, would contravene the very purpose of the law, which was intended to provide for the equitable distribution of the proceeds of the estate of an insolvent or failing debtor.

What effect a fraudulent withholding by the debtor of any part of his estate which ought to go to his assignee, might have upon a release executed to him by a creditor under the third section of the act, in ignorance of fraud, need not, in this case, be determined.

There being no error in the judgment, it is affirmed.